

FILED
CLERK, U.S. DISTRICT COURT
OCT 18 2019
CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2019 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JONATHAN ZUNIGA,<br>　aka "Happy,"<br><br>　　　　Defendant. | CR NO. CR19-00635-fmo<br><br>I N D I C T M E N T<br><br>[26 U.S.C. § 5861(d): Possession of Unregistered Firearms; 26 U.S.C. 5861(i): Possession of a Firearm Not Identified by a Serial Number; 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Grand Jury charges:

COUNT ONE

[26 U.S.C. § 5861(d)]

　　On or about August 8, 2019, in Los Angeles County, within the Central District of California, defendant JONATHAN ZUNIGA, also known as "Happy," knowingly possessed a firearm, namely, a GSG model 522, .22 LR caliber rifle, with a barrel less than 16 inches in length, bearing serial number A528855, which defendant ZUNIGA knew to be a firearm and short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and which had not been

registered to defendant ZUNIGA in the National Firearms Registration and Transfer Record as required by Chapter 53, Title 26, United States Code.

COUNT TWO

[26 U.S.C. § 5861(d)]

On or about August 8, 2019, in Los Angeles County, within the Central District of California, defendant JONATHAN ZUNIGA, also known as "Happy," knowingly possessed a firearm, namely, a firearm silencer, bearing no serial number, which defendant ZUNIGA knew to be a firearm and a silencer, as defined in Title 26, United States Code, Section 5845(a)(7) and Title 18, United States Code, Section 921(a)(24), and which had not been registered to defendant ZUNIGA in the National Firearms Registration and Transfer Record as required by Chapter 53, Title 26, United States Code.

## COUNT THREE

[26 U.S.C. § 5861(i)]

On or about August 8, 2019, in Los Angeles County, within the Central District of California, defendant JONATHAN ZUNIGA, also known as "Happy," knowingly possessed a firearm, namely, a firearm silencer, which defendant ZUNIGA knew to be a firearm and a silencer, as defined in Title 26, United States Code, Section 5845(a)(7) and Title 18, United States Code, Section 921(a)(24), and which did not bear a serial number, as required by Chapter 53, Title 26, United States Code.

FORFEITURE ALLEGATION

[26 U.S.C. § 5872, and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of any of the offenses set forth in any of Counts One, Two, or Three of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm involved in any such offense, including but not limited to the following which were seized on August 8, 2019:

   1. One GSG model 522, .22 LR caliber rifle, with a barrel less than 16 inches in length, bearing serial number A528855;

   2. One firearm silencer, with no serial number; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has

been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

NICOLA T. HANNA
United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JUSTIN R. RHOADES
Assistant United States Attorney
Chief, Violent and Organized
Crime Section

JEFFREY MITCHELL
Assistant United States Attorney
Deputy Chief, Violent and
Organized Crime Section

JOSEPH D. AXELRAD
Assistant United States Attorney
Violent and Organized Crime
Section